UNITED STATES DISTRICT COURT
EASTERN   DISTRICT OF NEWYORK                    CASE NO.

--------------------------------------------------------------------------------

SHAUN YOUNG

                              Plaintiff,

        -against-                                COMPLAINT
                                                 AND DEMAND FOR
                                                 JURY TRIAL

THE CITY OF NEW YORK and
New York City Police Department Officer
ERIC CABRERA  Id No. 9381452
New York City  Police Department  Officer
SHAWN  JOHNSTON Id, No 947782
New York City Police Department  Officer
KEITH  DIPRESSO   Id No . 946942
New York City Police Department Officers
NEIL  CASEY, NY Police Department  Sgt. Id.  945591
JOHN  DOES  1-2, as yet unidentified NYPD
Officers
                              Defendants
----------------------------------------------------------------

        Plaintiff  SHAUN  YOUNG through his attorney JOEL M.  GLUCK as and for

his Complaint,  does hereby state and allege:

### PRELIMINARY STATEMENT

        1.      This is a civil  rights action  brought to  vindicate Plaintiff's  rights under

the  Fourth,  Eighth and  Fourteenth  Amendments of the  United States Constitution

through the  Civil Rights Act of 1871, as amended, 42 U.S.C. 1983.

2.     Plaintiff's rights were violated when officer of the New York Police Department, hereinafter ("NYPD") unconstitutionally and without legal basis arrested him using severe and excessive force causing serious injuries. By reason of defendants' actions Plaintiff was deprived of his constitutional rights.

3.     Plaintiff seeks an award of compensatory and punitive damages and Attorneys' Fees.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over claims arising form Federal Law pursuant to 28 U.S.C. § 1331, § 1343(a) 3-4.   This matter is brought pursuant to 42 U.S.C. § 1983 and 1988 for violations of the Fourth, Eighth and Fourteenth Amendments.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) in that the Plaintiff's claim arose in the Eastern District of New York, more particularly in the County of Queens.

6.     An award of Attorneys' Fees is authorized under 42 U.S.C. § 1988.

## PARTIES

7.     The Plaintiff was at all times a resident of the State of New York. At the time this claim arose he resided in the County of Queens at 84-10 Rockaway Beach Boulevard Queens New York 11693, County of Queens. At the time of the

commencement of this action he resides at   43 First Avenue Gloversville New York 12078 Fulton County.

8.    Defendant  CITY OF  NEW YORK was at all times relevant  a municipal entity organized under the  Laws of the State of New York.  It is authorized to and at all times relevant has maintained a police  force,  denominated the  New York City Police Department which is authorized and empowered by State Law to act as its agent for law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9.    NYPD  Officers  ("P.O.")  ERIC  CABRERA ( Tax No. 938142) SHAWN JOHNSTON (Tax No  947782 ) KEITH  DIPRESSO ( Tax No.  946942 ), NY Police Sgt NEIL CASEY  (Tax No. 945561)  and P.O. JOHN  DOES 1-2 ( collectively referred to  as "individual Defendants") are and were at all times relevant herein,  Police Officers of the City of New York and employees of the  Defendant CITY OF NEW  YORK and at all times  relevant herein  assigned to the 100th Police Precinct  located in  Queens New York  92-24 Rockaway Beach Boulevard Queens NY.  The   residences of the above named NYPD officers is unknown to the  Plaintiff and the  for the purposes of this complaint,  Plaintiff  deems their address of residence to be One Police Plaza New  York, N.Y. 10007 and the above Precinct address.

10.     The individual defendants are being sued herein in their individual capacities.

11.     The true name and shield or Tax Reg.  No of the  defendants P.O. JOHN DOES 1-2  is not  currently known to the plaintiff.  However, they were employees or agents of the NYPD on the date of the incident described herein,  and are entitled to representation by the  New York City Law Department upon their request.  The Law Department is  then hereby put on notice that the Plaintiff intends to name said officers in an amended complaint once the  true name and shield / or Tax Reg. No. of  said defendants becomes  known.

12.     At all times relevant herein,  the individual defendants were acting under color of state law in the course and scope of their duties and functions as  agents and/or employees and officers of the NYPD  and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and  were in the course of their duties during the conduct complained of herein.  The above individual defendants were acting for  and on behalf of the NYPD at all times relevant herein, with the  power and authority  vested in them as  officers agents  and  employees of the NYPD and incidental  to the lawful pursuit of their duties as employees, agents and officers of the NYPD.

13.     The individual defendants' acts hereinafter complained of were carried out intentionally recklessly and with malice.

14.     At all times relevant herein the individual defendants were engaged in a joint venture assisting each other in performing the various actions described herein.

## STATEMENT OF FACTS

15.     On May 23, 2015 at approximately 12:54 AM the plaintiff SHAUN YOUNG was arrested by Defendants P.O. CABRERA, JOHNSTON and DIPRESSO in the vicinity of 84-12 Rockaway Beach Boulevard Queens, New York, known as Hamilton Housing Projects of the New York City Housing Authority and adjacent to the building where the Plaintiff resided. Defendant NYPD Sergeant NEIL CASEY was identified as supervising officer on the scene and participated in the arrest.

16.     On the same day and approximately 15 Minutes earlier, an individual named Roland Chateau placed a 911 call to the NYPD dispatch call center stating that he had been robbed at knife point of $4.00 while exiting a grocery at 90-17 Rockaway Beach Boulevard Queens New York.

17.     The defendant P.O. officers JOHNSTON and DIPRESSO responded and thereafter canvassed the area in their patrol car for the alleged assailant.

18.     Plaintiff was found in court yard of building in which he resided at approximately 12:54 AM.

5

19.    The above defendants who were in plainclothes identified themselves to the Plaintiff who denied that he had committed any robbery and was intoxicated

20.    The above defendants P.O. JOHNSTON and P.O. DIPRESSO with the assistance of defendant P.O. CABRERA and the presence of Police Sergeant CASEY also in plainclothes and JOHN DOE defendants, the Plaintiff was arrested in a excessively forcible manner wherein he was struck in the abdomen, ribs and buttocks, thrown to the ground and handcuffed.

21.    The manner and force used to effect an arrest was improper, excessive and subjected the plaintiff to physical and emotional injury.

22.    After Plaintiff was taken into police custody he was transported to St. John's Hospital Emergency Room and treated for pain in ribs and abdomen.

23.    The Defendant officers found money on Plaintiff's person and a small pocket knife.

24.    The Plaintiff who was bruised and injured from the acts of the Defendants was charged under the NY Penal Law with the following offenses:

(i) PL 160.15.02 Robbery in the First Degree (ii) PL 160.05 Robbery in the Third Degree (iii) Pl155.30-5 Grand Larceny in the Fourth Degree (iv) Pl 165.40 Criminal Possession of Stolen Property in the Fifth Degree; (v) PL 205.30 Resisting Arrest; (vi) PL 265.01-2 Criminal Possession of a weapon in the Fourth Degree.

25.    Following  proceedings before the Criminal Court of Queens County,  all of the above charges against Plaintiff  were dismissed and  Plaintiff agreed to  plead to a  non criminal disposition, of Disorderly Conduct PL 240.20 which is a violation and not deemed  a crime.

26.    As  a  result  of  the   physical  assault  sustained  by  the   Plaintiff he experienced pain, suffering,  mental anguish and humiliation  and was hospitalized.

**AS  AND FOR A   FIRST CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER 42 U.S.C  § 1983**

27.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

28.    Defendants  under  color  of  state  law,   subjected  the   Plaintiff to  the foregoing acts and omissions thereby depriving the plaintiff of the  rights privileges and immunities secured by the Fourth, Eighth and Fourteenth Amendments  to the United States Constitution including without limitation deprivation of the  following rights:  (a) freedom from unreasonable seizure of their person;  ( b)  the right to be freed from the  use of excessive force under color of state law; ( c) freedom from having Police fabricate evidence.

29.    By reasons of the Defendants violation of the  Plaintiff's rights under 42 U.S. C. § 1983  Plaintiff was caused to suffer physical and emotional injuries mental anguish and  loss of constitutional rights.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983  EXCESSIVE FORCE

30.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

31.     By using excessive, unnecessary unwarranted and unjustifiable force in placing the Plaintiff under arrest the individual defendants named herein,  Defendants, NYPD Officers CABRERA, JOHNSTON, DIPRESSO,  CASEY and JOHN DOES 1-2, violated the Plaintiff's rights under the  Eighth and Fourteenth Amendments of the U.S. Constitution under color of law,  specifically the right to be free from the use of excessive force under color of law.

32.     By reason of the foregoing acts  the above named defendants violated the Plaintiff's Constitutional rights  under 42 U.S.C. § 1983  and caused  the Plaintiff to suffer physical injuries,  emotional injuries,  mental anguish  and loss of his constitutional rights.

## AS AND FOR A THIRD CAUSE OF ACTION
## UNDER  42 U.S.C. § 1983  - ASSAULT

33.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

34.     While acting under color of state law, the above named defendants, NYPD Officers CABRERA, JOHNSTON, DIPRESSO, CASEY and JOHN DOES 1-2, committed an intentional and violent assault against Plaintiff without legal cause or justification and in violation of his rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

35.     By reason thereof, the above named defendants violated 42 U.S.C. § 1983 and caused the Plaintiff to suffer physical injuries, emotional injury, mental anguish and loss of his constitutional rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (MONELL CLAIM)

36.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

37.     At all times relevant to the complaint herein, the defendant municipality, CITY OF NEW YORK, had defacto policies, practices, customs and usages, including but not limited to the improper and inadequate supervision of the Street Crime Units and Anti Crime Units operating in plainclothes in the County of Queens, which were a direct and proximate cause of the unconstitutional conduct alleged herein.

38.     At all times relevant to the complaint herein, defendant CITY OF NEW YORK, failed to properly train, screen, supervise or discipline its employees and

police officers, including individual defendants named herein and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

39. The policies, practices, customs and usages and the failure to properly train, screen, supervise or discipline were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

40. As a result of the foregoing, the Plaintiff suffered physical injury, emotional distress and was otherwise damaged and injured.

## JURY DEMAND

41. Plaintiff demands a trial by jury in this action on each and every claim for damage and injury to constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants individually and jointly and prays for relief as follows:

i) On the First Cause of Action, actual and punitive damages in an amount to be determined at trial;

ii)      On the Second Cause of Action, actual and punitive damages in an amount to be determined at trial

iii)      On the Third Cause of Action, actual and punitive damages in an amount to be determined at trial

iv)      On the Fourth Cause of Action  actual and punitive damages in an amount to be determined at trial;

v)      Statutory attorney's fees and disbursements pursuant to 42 U.S.C. § 1983,  and costs of this action  and

vi)      Such other relief as the Court deems just and proper.

Dated:      New York, New York
            May 22, 2018

                              Respectfully  submitted

                              By: _____
                                  JOEL M. GLUCK
                                  Attorney for Plaintiff
                                  305 Broadway Suite 1427
                                  New York, N.Y. 10007
                                  (212) 323 -7432
                                  Fax (718) 852-0185

UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK            Case No.

SHAUN YOUNG

Plaintiff,

-against-

THE CITY OF NEW YORK and
New York City Police Department Officer
ERIC CABRERA  Id No. 9381452
New York City  Police Department  Officer
SHAWN  JOHNSTON Id, No 947782
New York City Police Department  Officer
KEITH  DIPRESSO   Id No . 946942
New York City Police Department Officers
NEIL  CASEY, NY Police Department  Sgt. Id.  945591
JOHN  DOES  1-2, as yet unidentified NYPD
Officers

Defendants

## SUMMONS AND COMPLAINT

LAW OFFICES OF JOEL M. GLUCK

Attorneys for Plaintiff(s)

305 Broadway Suite 1427

New York, N.Y. 10007

Telephone: 212 323 -7432  FAX 718 852-0185

email Jmgluck200@aol.com